UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAPONZO DALLAS,

        Plaintiff,

v.                                                Case No. 07-C-87

LYNN ADELMAN,

        Defendant.

## ORDER

Plaintiff, who is incarcerated at the Wisconsin Resource Center, has filed an action purportedly under 42 U.S.C. § 1983.[1] Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Section 1915 is not intended, however, to allow frequent filers or abusers of the legal system to file numerous lawsuits without incurring any financial obligation. I note that plaintiff has incurred three "strikes" – meaning that as a prisoner (prior to incarceration as a Chapter 980 inmate)

---

[1] Section 1983 applies only to actions performed under color of state law; the defendant here is a federal judicial officer.

Dockets.Justia.com

plaintiff had filed at least three frivolous or unmeritorious lawsuits. In 2001, the Seventh Circuit Court of Appeals directed clerks of court throughout this circuit to return, unfiled, any papers submitted by the plaintiff until he paid filing fees he had incurred. *Dallas v. Gamble,* 2 Fed. Appx. 563 (7th Cir. 2001). More recently, this court dismissed plaintiff's habeas petition as untimely and denied a certificate of appealability on the basis that the appeal was not taken in good faith. (No. 05-C-1265, E. D. Wis.)

This case fares no better. Plaintiff sues United States District Judge Lynn Adelman for compelling the plaintiff to pay filing fees up front in other litigation. Whatever the merits of plaintiff's arguments, a case against the judge with whom one disagrees is not the proper course of action, because judges are entitled to absolute immunity for their actions as a judge. *Smith v. City of Hammond, Indiana,* 388 F.3d 304, 307 (7th Cir. 2004). This immunity applies to injunctive relief as well. *Bolin v. Story,* 225 F.3d 1234, 1240-42 (11th Cir. 2000). Accordingly, the case will be dismissed as frivolous, and the motion to proceed *in forma pauperis* is DENIED.

**SO ORDERED** this   31st   day of January, 2007.

                                                                                        s/ William C. Griesbach
                                                                                       William C. Griesbach
                                                                                       United States District Judge